**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30085 |
| Plaintiff-Appellee, | D.C. No. 6:13-cr-00016-CCL-1 |
| v. | |
| CHANCI LINN MORRISON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted October 15, 2019**

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Chanci Linn Morrison appeals from the district court's judgment and

challenges the 11-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Morrison contends that the district court improperly relied on rehabilitation

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

in selecting her sentence, thereby imposing a substantively unreasonable sentence. The record does not support Morrison's argument. While the probation officer described to the court the treatment opportunities that would be available to Morrison in prison, the record shows that the court did not impermissibly impose or lengthen the sentence to promote Morrison's rehabilitation. *See Tapia v. United States*, 564 U.S. 319, 334 (2011) (a court "commits no error by discussing the opportunities for rehabilitation within prison" as long as it does not base the sentence on rehabilitation). Rather, the court relied on proper considerations, including Morrison's history on supervision and the need to afford adequate deterrence, in selecting the sentence. *See* 18 U.S.C. § 3583(e); *United States v. Simtob* 485 F.3d 1058, 1063 (9th Cir. 2007) (determining that a violator who, after being placed on supervised release for an offense, commits a similar offense may require greater sanctions to deter future criminal activity). Moreover, the within-Guidelines sentence is substantively reasonable in light of the totality of the circumstances, including the nature of Morrison's violations and her two previous revocations. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**